# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL RIOS,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHY CIUFFINI, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01028 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR STATUS AND INJUNCTIVE RELIEF<br><br>[ECF No. 7] |

Plaintiff Israel Rios, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 6, 2015. Plaintiff consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c) on July 24, 2015.

On March 2, 2016, Plaintiff filed a motion requesting, inter alia, the status of his case. Plaintiff is advised that his case is currently pending screening by the Court. He is directed to Section III.C. of the First Informational Order issued on July 6, 2015. The Court is aware of the pending action; however, Plaintiff is advised that the Court is faced with a large backlog of cases and endeavors to address each case as expeditiously as possible. As long as Plaintiff notifies the Court of any change of address, he will receive a notice of any action taken in his case as soon as it occurs.

Plaintiff also requests injunctive relief in the form of an order directing he be granted law library access. A preliminary injunction is an extraordinary remedy never awarded as of right.

1 Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).  For
2 each form of relief sought in federal court, Plaintiff must establish standing.  Summers v. Earth
3 Island Institute, 555 U.S. 488, 493 (2009) (citation omitted); Mayfield v. United States, 599 F.3d
4 964, 969 (9th Cir. 2010) (citation omitted).  This requires Plaintiff to show that he is under threat
5 of suffering an injury in fact that is concrete and particularized; the threat must be actual and
6 imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the
7 defendant; and it must be likely that a favorable judicial decision will prevent or redress the
8 injury.  Summers, 555 U.S. at 493 (quotation marks and citation omitted); Mayfield, 599 F.3d at
9 969.  Further, any award of equitable relief is governed by the Prison Litigation Reform Act,
10 which provides in relevant part, "Prospective relief in any civil action with respect to prison
11 conditions shall extend no further than necessary to correct the violation of the Federal right of a
12 particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief
13 unless the court finds that such relief is narrowly drawn, extends no further than necessary to
14 correct the violation of the Federal right, and is the least intrusive means necessary to correct the
15 violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

16 Plaintiff's complaint has not yet been screened by the Court.  In addition, the complaint
17 concerns claims of malicious prosecution, which are unrelated to the relief he seeks in his request
18 for injunctive relief.  Accordingly, the Court lacks jurisdiction to issue the preliminary injunction
19 requested.  18 U.S.C. § 3626(a)(1)(A); Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.

**ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's motion for status and for injunctive relief are DENIED.

IT IS SO ORDERED.

Dated:   **March 5, 2016**                               /s/ *Dennis L. Beck*
                                                        UNITED STATES MAGISTRATE JUDGE