UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL RIOS,<br><br>          Plaintiff,<br><br>     vs.<br><br>KATHY CIUFFINI, et al.,<br><br>          Defendants. | 1:15-cv-01028-GSA-PC<br><br>ORDER DISMISSING COMPLAINT FOR PLAINTIFF'S VIOLATION OF RULE 8(a), WITH LEAVE TO AMEND (ECF No. 1.)<br><br>THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT ON COURT'S FORM |

## I.     BACKGROUND

Israel Rios ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 6, 2015.  (ECF No. 1.)

On July 24, 2015, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 6.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

The Complaint is now before the court for screening.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. RULE 8(a)

Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Plaintiff's Complaint consists of three similar but different complaints attached together, with differences in defendants' names, claims alleged, relief requested, and even the court to which the complaint is submitted. Thus, the Complaint fails to comport with Rule 8(a)'s requirement of "a short and plain statement of the claim." Fed. R. Civ. P. 8(a). The Court cannot guess which of the defendants and claims Plaintiff wishes to proceed upon in this action. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice

and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Therefore, Plaintiff's Complaint shall be dismissed for his violation of Rule 8(a).

Plaintiff shall be granted leave to file a First Amended Complaint on the court's form within thirty days. Plaintiff is required to state all of his allegations and claims in one complaint. Plaintiff should not attach multiple complaints together.

## V.   CONCLUSION AND ORDER

The court finds that Plaintiff's Complaint violates Rule 8(a). Plaintiff shall be granted thirty days in which to file a First Amended Complaint on the court's civil rights complaint form, curing the deficiencies described in this order.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 676; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'" Id. at 677 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 554 (citations omitted).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding issues arising after July 6, 2015. Plaintiff is also cautioned that he may not bring unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the prior complaints, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleadings, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each

defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint, filed on July 6, 2015, is dismissed for violation of Rule 8(a), with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a First Amended Complaint curing the deficiencies identified by the court in this order;

4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:15-cv-01028-GSA-PC; and

5 Plaintiff's failure to comply with this order may result in the dismissal of this action in its entirety.

IT IS SO ORDERED.

Dated:   **October 3, 2016**                         **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE