UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL RIOS,<br><br>                Plaintiff,<br><br>   v.<br><br>KATHY CIUFFINI, et al.,<br><br>                Defendants. | 1:15-cv-01028-GSA-PC<br><br>**ORDER DIRECTING THE CLERK'S OFFICE TO ADMINISTRATIVELY RE-DESIGNATE THIS ACTION AS A 440 CIVIL ACTION AND RANDOMLY REASSIGN MAGISTRATE JUDGE** |

## I.    BACKGROUND

This case was filed on July 6, 2015, by plaintiff Israel Rios, a state prisoner proceeding pro se under 42 U.S.C. § 1983. (ECF No. 1.)[1] On July 7, 2015, Plaintiff was granted leave to proceed in forma pauperis. (ECF No. 5.)

The court screened Plaintiff's Complaint under 28 U.S.C. § 1915A and issued an order on October 4, 2016, dismissing the Complaint for violation of Rule 8(a) of the Federal Rules of Civil Procedure, with leave to amend. (ECF No. 10.) On November 3, 2016, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 12.)

---

[1] On July 24, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 6.)

1

## II. FIRST AMENDED COMPLAINT – PLAINTIFF'S ALLEGATIONS

Plaintiff is presently incarcerated at High Desert State Prison in Susanville, California. The events at issue in the First Amended Complaint allegedly occurred when Plaintiff was incarcerated at Corcoran State Prison (CSP) in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants Gregory E. Strickland (Kings County District Attorney), Kathy Ciuffini (Deputy District Attorney), and J. Torres (Correctional Officer (C/O), CSP).

Plaintiff's allegations follow. While housed at CSP, Plaintiff was issued a Rules Violation Report (RVR) for possession of escape paraphernalia. Plaintiff alleges that pursuant to the California Code of Regulation, Title 15, Crime Prevention and Correction, this charge does not meet the criteria for seeking criminal prosecution. Therefore, C/O M. Bravo, who was in charge of distribution of the RVR, told Plaintiff that he (Plaintiff) was not able to postpone this matter to prepare any kind of defense.

On March 30, 2014, Plaintiff was found guilty at a disciplinary hearing by Hearing Officer Lieutenant E. Silva. Plaintiff submitted an inmate 602 appeal to the Office of Appeals in Sacramento, alleging that he was not properly advised. Plaintiff was scheduled for court on July 10, 2014, and he addressed the matter with C/O M. Bravo who advised Plaintiff to contact C/O J. Torres. Ms. J. Torres is in charge of disciplinary records. When Plaintiff addressed the matter with Torres and provided her with the case number and the courthouse hearing the case, Torres constantly neglected the facts. In an attempt to misguide Plaintiff, Torres referred to another case for which Plaintiff had already been sentenced in Kern County in August 2014. Torres' negligence led to D.A. Gregory E. Strickland wrongfully filing charges and allowing Deputy D.A. Kathy Ciuffini to prosecute the case, threatening Plaintiff with life in prison under the Three Strikes law. Plaintiff would not take a deal due to the violation of his due process rights. Deputy D.A. Ciuffini transferred the case to Superior Court and pushed for a trial schedule for September 22, 2014. Plaintiff appeared at the Kings County Superior Court on September 22, 2014 to start trial. Ciuffini again attempted to force Plaintiff to take a plea,

giving up his rights to file a claim, which Plaintiff did not agree to do. Still, all of the charges were dismissed.

Plaintiff seeks monetary damages as relief.

**III. DISCUSSION**

This case was initially opened by this court on July 6, 2015, as a prisoner civil rights action concerning conditions of confinement, and designated 550 suit (Prisoner: Civil Rights.) (Court record.) However, Plaintiff's allegations in the First Amended Complaint do not concern the conditions of his confinement. Instead, Plaintiff complains that he was not properly advised about the charges against him and was wrongfully prosecuted in Superior Court. Based on these allegations, this case should be re-designated as a civil case with nature of suit as 440.

**IV. CONCLUSION**

Based on the foregoing, the Clerk's Office is HEREBY DIRECTED to:

1. Re-designate this action as a 440 civil action;
2. Randomly assign this case to another magistrate judge, and to a district judge if if needed, for any further proceedings which may be appropriate or required; and
3. The parties shall omit the PC designation from the new case number.

IT IS SO ORDERED.

Dated: **August 26, 2017**           **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE