# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL RIOS, | 1:15-cv-01028-AWI-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| v. | |
| KATHY CIUFFINI, et al., | (Doc. No. 12) |
| Defendants. | FOURTEEN-DAY DEADLINE |

## I. Screening Requirement and Standard

Plaintiff Israel Rios ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on July 6, 2015. On October 4, 2016, the Court screened Plaintiff's complaint and dismissed it with leave to amend. (Doc. No. 10.) On November 3, 2016, Plaintiff filed a first amended complaint. (Doc. No. 12.) On August 28, 2017, the action was re-designated as a regular civil action, and the matter was reassigned to Senior District Judge Anthony W. Ishii and Magistrate Judge Barbara A. McAuliffe. (Doc. Nos. 13, 14.)

Plaintiff's first amended complaint is currently before the Court for screening. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a

defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at High Desert State Prison.  Plaintiff names the following defendants: (1) Kings County District Attorney Gregory E. Strickland; (2) Deputy District Attorney Kathy Ciuffini; and (3) Correctional Officer J. Torres, CSP-Corcoran.

Plaintiff alleges as follows:  While housed at CSP Corcoran (SHU), Plaintiff was issued a Rule Violation Report ("RVR") for possession of escape paraphernalia, which Plaintiff asserts does not meet the state criteria for seeking criminal prosecution.  Plaintiff alleges that he was told by staff in charge of distribution of the RVR, Correctional Officer Bravo, that he was not able to postpone the matter to prepare a defense.  On March 20, 2014, a disciplinary hearing was held and Plaintiff was found guilty by Lt. E. Silva.  Plaintiff then submitted an inmate/parolee appeal form (602).  The California Department of Corrections Office of Appeals in Sacramento reportedly told Plaintiff that he was not properly advised.  When Plaintiff was scheduled to go to court on July 10, 2014, he addressed a request form to Correctional Officer Bravo regarding the

matter. Officer Bravo did not respond, but advised Plaintiff in person to address the matter with Correctional Officer J. Torres, who is in charge of disciplinary records. When Plaintiff addressed the matter to Office Torres, he provided the case number and courthouse that was hearing the case. Plaintiff alleges that Officer Torres neglected the facts and, in an attempt to misguide Plaintiff, referred him to another case that he was already sentenced for on August 22, 2014.

Plaintiff asserts that the negligence by Officer Torres led to the Kings County District Attorney, Gregory E. Strickland, to wrongfully file charges and the Deputy District Attorney, Kathy Ciuffini, to prosecute the case and threaten life in prison under the 3 strikes law. Plaintiff would not take a deal because his due process allegedly was violated. Plaintiff further alleges that Defendant Ciuffini transferred Plaintiff's case to Superior Court and pushed for trial, which was scheduled for September 22, 2014. Plaintiff made an appearance on that date in Kings County Superior Court to start trial. Defendant Ciuffini again attempted to force Plaintiff into a plea, which he refused. When Plaintiff demanded a trial, Defendant Ciuffini said the charges would be dismissed if he agreed and signed a paperwork giving up his right to file a claim. Plaintiff did not agree and the charges were still dismissed.

Plaintiff alleges that his due process rights were violated and he seeks damages in the amount of $75,000.00.

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting U, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

As with his original complaint, Plaintiff's first amended complaint is not a plain statement of his claims. Despite being provided with the relevant pleading standard, the amended complaint is difficult to understand, and the nature of Plaintiff's claims is not clearly stated. Plaintiff has been unable to cure this deficiency.

**B. Defendants Strickland and Ciuffini**

Plaintiff is attempting to bring suit against members of the Kings County District Attorney's Office, District Attorney Strickland and Deputy District Attorney Ciuffini, arising from a criminal prosecution. However, a prosecuting attorney acting within the scope of his or her duties in initiating and pursuing an action and in presenting the state's case is entitled to absolute immunity. See Imbler v. Pachtman, 424 U.S. 409, 427 (1976). This immunity extends to all "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). A prosecutor is not deprived of immunity because the action he or she took was in error, deliberate, or in excess of his or her authority. See Imbler, 424 U.S. at 431 n.34 (prosecutor's "deliberate withholding of exculpatory information" and role in allegedly suborning perjury were shielded by absolute immunity).

Plaintiff's allegations relate primarily to the initiation of a prosecution against him and efforts to obtain a plea bargain. In sum, these allegations relate to actions undertaken by prosecutors in advance of and during a criminal prosecution. Accordingly, Defendants Strickland and Ciuffini are entitled to prosecutorial immunity.

**C. Claim against Defendant Torres**

The nature of Plaintiff's claim against Defendant Torres is not entirely clear. As best as the Court can determine, Plaintiff appears to allege that criminal charges were brought against him based on an incorrect disciplinary report. However, there is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). Indeed, the falsification of a disciplinary report, without more, does not state a constitutional claim. See Hernandez v. Schaad, No. 17-CV-

04055-HSG, 2017 WL 6731624, at *2 (N.D. Cal. Dec. 29, 2017) ("prisoners do not have a constitutional right to be free from false accusations of misconduct, [and] the falsification of a disciplinary report, standing alone, does not state a § 1983 claim") (citations omitted).

Insofar as Plaintiff claims that Officer Torres provided him with incorrect case information, which resulted in a criminal prosecution, such a claim is legally frivolous. A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir.1984). Thus, a court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. Examples of claims based on an indisputably meritless legal theory include claims of infringement of a legal interest which clearly does not exist. Id. Here, Plaintiff's assertion that the wrong case number resulted in criminal charges against him does not have an arguable legal basis to support a due process claim or any other cognizable constitutional claim. These deficiencies cannot be cured by amendment.

**IV.     Conclusion and Recommendation**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, fails to state a cognizable claim section 1983, and improperly seek monetary relief against certain defendants who are immune from suit. As Plaintiff has been unable to cure the Rule 8 deficiencies, and any further amendment of his complaint would be futile, leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's first amended complaint be dismissed, with prejudice, for failure to comply with Federal Rule of Civil Procedure 8, failure to state a cognizable section 1983 claim, and for seeking monetary relief against certain immune defendants. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may

file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 18, 2018** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE